# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 12, 2022

Lyle W. Cayce
Clerk

No. 21-40517
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Rosalino Pimentel-Soto,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:20-CR-46-1

Before Barksdale, Costa, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Rosalino Pimentel-Soto pleaded guilty to illegal reentry after removal, in violation of 8 U.S.C. § 1326(a). His plea agreement included an appeal waiver, which reserved the right to challenge a sentence in excess of the statutory maximum and to assert a claim of ineffective assistance of counsel

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40517

(IAC).  At sentencing, Pimentel was, *inter alia*, offered an opportunity to comment on the presentence investigation report; he stated he was satisfied with its accuracy.   He was sentenced to, *inter alia*, 105 months' imprisonment, at the top of the Sentencing Guidelines range.  Pimentel, initially proceeding *pro se*, appealed and was appointed counsel.  He claims his guilty plea and appeal waiver were not knowing and voluntary because of IAC.  (The appeal waiver is not at issue because the Government does not seek to enforce it.)

Generally, an IAC claim "cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations".  *United States v. Montes*, 602 F.3d 381, 387 (5th Cir. 2010) (citation omitted).  Instead, IAC claims ordinarily should be pursued on collateral review through a 28 U.S.C. § 2255 motion.  *E.g.*, *Massaro v. United States*, 538 U.S. 500, 504–05 (2003) (explaining "a § 2255 motion is preferable to direct appeal" for IAC challenges); *United States v. Villegas-Rodriguez*, 171 F.3d 224, 230 (5th Cir. 1999) (explaining our court "do[es] not review [an IAC] claim . . . on direct appeal unless the district court has first addressed it").

Pimentel's IAC claim was not presented in district court.  Because the record is not sufficiently developed to make a fair evaluation of Pimentel's IAC claim, and because his challenges to the knowing and voluntary nature of his guilty plea are based on that claim, we decline to consider his claims without prejudice to collateral review.  *E.g.*, *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014) (denying consideration of ineffective-assistance challenge where record "undeveloped").

AFFIRMED.